816 F.2d 296
 17 Soc.Sec.Rep.Ser. 411, Medicare&Medicaid Gu 36,244
Brenda REED, for herself and her minor children Michael Reed
and Tony Reed; Linda Evans, for herself and her minor child
Thedell Atwone Polk, and for all others similarly situated,
Plaintiffs-Appellees,
v.
Donald L. BLINZINGER, in his official capacity as
Administrator of the Indiana State Department of Public
Welfare, and Otis R. Bowen, M.D., Secretary of Health and
Human Services, Defendants-Appellants.
 Nos. 86-1780, 86-1816.
 United States Court of Appeals,
Seventh Circuit.
 Argued Nov. 7, 1986.
Decided April 2, 1987.
As Corrected April 9, 1987.
 
 James R. Goeser, U.S. Dept. of Health & Human Services, Chicago, Ill., John Daniel Tinder, U.S. Atty., for defendants-appellants.
 Dennis Frick, East Central Legal Services Program, Indianapolis, Ind., for plaintiffs-appellees.
 Before BAUER, Chief Judge, CUMMINGS, and FLAUM, Circuit Judges.
 BAUER, Chief Judge.
 
 
 1
 We hereby adopt the thorough and well reasoned district court opinion written by Judge Steckler below, Reed v. Blinzinger, 639 F.Supp. 130 (S.D.Ind.1986), and also concur in the reasoning of the Ninth Circuit's decision in Vance v. Hegstrom, 793 F.2d 1018 (9th Cir.1986). We believe that both the district court and the Ninth Circuit Court of Appeals correctly determined that the express exclusion of sibling income in determining Medicaid eligibility, see 42 U.S.C. Sec. 1396a(a)(17)(D), is not contradicted by any clear expression of legislative intent, notwithstanding the Secretary of Health and Human Services' misinterpretation of Section 2640 of the Deficit Reduction Act of 1984. 42 U.S.C. Sec. 602(a)(38) (1984). We, therefore, adopt the district court's opinion in full.[1]
 
 
 
 [1]
 In so doing, we take no position as to the constitutionality of 42 U.S.C. Sec. 602(a)(38) (1984) regarding AFDC eligibility, as that issue was not raised before this court. See Baldwin v. Ledbetter, 647 F.Supp. 623 (D.Ga.1986) (holding that as applied to AFDC eligibility, Section 2640 violates the Takings Clause and the Due Process Clauses of the Fifth and Fourteenth Amendments)