Monalisa WARD, etc., et al., Plaintiffs,

v.

Guy HUNT, etc., et al., Defendants.

Civ. A. No. 84–T–1612–N.

United States District Court, M.D. Alabama, N.D.

Feb. 23, 1987.

**442**

Charles G. Spradling, Jr., Birmingham Area Legal Services, Birmingham, Ala., Lawrence F. Gardella & Tamara Young, Legal Servics Corp of Ala., Ala., for plaintiffs.

Don Siegelman, Atty. Gen., and Herman H. Hamilton, Jr., Sp. Asst. Atty. Gen., Shapard D. Ashley, Counsel, Montgomery, Ala., Hunt and Horsley, for defendants.

Mary Lee Stapp, James E. Long, Asst. Attys. Gen., Alabama Dept. of Pensions and Sec., Montgomery, Ala., for defendant Hornsby.

John C. Bell, U.S. Atty., Kenneth Vines, Asst. U.S. Atty., Montgomery, Ala., and James N. Stephens, Acting Regional Atty., Edgar M. Swindell, Asst. Regional Atty., Dept. of Health and Human Services, Atlanta, Ga., for defendant Heckler.

## ORDER

MYRON H. THOMPSON, District Judge.

On January 5, 1987, this court issued a memorandum opinion holding that the Ala-bama Medicaid program's policy of automatically including the income of an applicant's siblings and grandparents when determining the applicant's financial eligibility to receive medicaid benefits violated federal law. On the same day, the court also issued a judgment and injunction declaring the state policy invalid and prohibiting state officials from enforcing the policy. *Ward v. Wallace*, 652 F.Supp. 301 (M.D. Ala.1987).* This lawsuit is again before the court on the plaintiffs' motion to amend judgment and injunction.

By their motion, the plaintiffs ask that the court expand its judgment and injunction to declare that not only the state program's policy of automatically including the income of an applicant's siblings and grandparents violates federal law, but that the policy of including their *other resources* also violates federal law. Without question, when plaintiffs filed this lawsuit, they sought to have this court declare illegal the policy of automatically including the income and other resources of an applicant's siblings and grandparents, not just their income. In issuing its memorandum opinion and its judgment and injunction, the court overlooked this point.

Nevertheless, it is clear from the court's memorandum opinion that the state policy of automatically including the income and other resources of an applicant's siblings and grandparents is just as illegal as automatically including just their income. Indeed, the defendants have not opposed the plaintiffs' motion to amend.

Accordingly, it is ORDERED that the plaintiffs' motion to amend judgment and injunction, filed February 2, 1987, is granted; and that the words "income and/or resources" is substituted for the word "income" wherever used in the court's January 5, 1987, judgment and injunction.

---

* Since the court rendered its January 5 memorandum opinion and order, former Governor George C. Wallace and other state officials have been replaced by present Governor Guy Hunt and other present state officials as defendants in this lawsuit.