Monalisa WARD, etc., et al., Plaintiffs,

v.

Guy HUNT, etc. et al., Defendants.

Civ. A. No. 84–T–1612–N.

United States District Court,
M.D. Alabama, N.D.

July 16, 1987.

Charles G. Spradling, Jr., Birmingham Area Legal Services, Birmingham, Ala., Lawrence F. Gardella & Tamara Young, Legal Services Corp of Alabama, Montgomery, Ala., for plaintiffs.

Don Siegelman, Atty. Gen., Montgomery, Ala., and Herman H. Hamilton, Jr., Sp. Asst. Atty. Gen., Shapard D. Ashley, Counsel, Montgomery, Ala., for defendants Hunt & Horsley.

Mary Lee Stapp, James E. Long, Asst. Attys. Gen., Alabama Dept. of Pensions & Security, Montgomery, Ala., for defendant Hornsby.

John C. Bell, U.S. Atty., Kenneth Vines, Asst. U.S. Atty., Montgomery, Ala., and James N. Stephens, Acting Regional Atty., Edgar M. Swindell, Asst. Regional Atty., Dept. of Health and Human Services, Atlanta, Ga., for defendant Heckler.

## ORDER

MYRON H. THOMPSON, District Judge.

Through this class-action lawsuit, the plaintiffs have successfully challenged the practice of the Alabama Medicaid Agency of "deeming," that is, automatically including, the income and other resources of an applicant's siblings and grandparents when determining the applicant's eligibility for benefits under the state Medicaid program. *Ward v. Wallace*, 652 F.Supp. 301 (M.D. Ala.1987), *extended sub nom. Ward v. Hunt*, 658 F.Supp. 441 (M.D.Ala.1987). The plaintiffs, who were denied Medicaid benefits because of this policy, sued the following "state defendants": the Governor of the State of Alabama, the Commissioner of the Alabama Medicaid Agency, and the Commissioner of the Alabama Department of Human Resources. The plaintiffs have also sued the Secretary of the United States Department of Health and Human Services.

This cause is now before the court on the plaintiffs' motion for additional relief to require, among other things, that the state defendants identify the members of the plaintiff class and give them appropriate notice. For reasons that follow, the court concludes that the plaintiffs' motion should be granted.

## I.

Early on in this action, the court certified a plaintiff class, pursuant to Rule 23(a) & (b)(2) of the Federal Rules of Civil Procedure, consisting of all Alabama residents who had been and were being denied Medicaid benefits due to the challenged state policy. Later, on January 5, 1987, at the request of the plaintiffs, the court entered an order declaring that the policy impermissibly conflicted with certain provisions of Title XIX of the Social Security Act, 42 U.S.C.A. §§ 1396, *et seq.*, in particular subsections (17)(B) and (D) of 42 U.S. C.A. § 1396a(a); the court also enjoined the state defendants from further enforcement of the policy. *Ward,* 652 F.Supp. at 309–10; 658 F.Supp. at 442. By their motion for additional relief, the plaintiffs request, pursuant to Fed.R.Civ.P. 23(d)(2), that the court require the state defendants to identify all class members and to provide them with individual written notice, informing them of the nature and extent of their victory in this lawsuit and of the existence of state administrative procedures through which they may seek a redetermination of their present entitlement to Medicaid benefits and may obtain past benefits wrongfully denied them.

## II.

The state defendants contend that the requested notice is barred by the eleventh amendment to the U.S. Constitution. They make two arguments in support of this contention: first, that identifying the class members and giving them individual written notice would impose impermissibly high costs on the state treasury; and, second, that the giving of the notice would be a futile gesture.

Recently, in *Anderson v. Lyng,* 652 F.Supp. 1237 (M.D.Ala.1987), a food stamp case, this court summarized the law on when and to what extent a federal court may require state officials to provide notice to a plaintiff class without running afoul of the eleventh amendment. Relying on *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), this court wrote that federal courts may "require, as a part of prospective relief, that state officials provide notice to class members informing them of the nature and extent of the class's victory in court and of the existence of state administrative procedures which the class members may wish to pursue to obtain past benefits." *Anderson,* 652 F.Supp. at 1239–40 (citation omitted). This court explained that, although the eleventh amendment barred an injunction requiring state officials to pay retrospective benefits from the state treasury, the amendment did not prevent federal courts from granting prospective injunctive relief requiring that state officials conform their future conduct to the requirements of federal law. *Id.* Quoting from *Quern,* this court further explained that

> The mere sending of that notice does not trigger the state administrative machinery. Whether a recipient of notice decides to take advantage of those available state procedures is left completely to the discretion of that particular class member; the federal court plays no role in that decision. And whether or not the class member will receive retroactive benefits rests entirely with the State, its agencies, courts, and legislature, not with the federal court.

*Anderson,* 652 F.Supp. at 1240, *quoting Quern,* 440 U.S. at 348, 99 S.Ct. 1149 (footnote omitted).

The state defendants argue that requiring that they identify and notify the class members as requested would, nonetheless, violate the eleventh amendment because of the substantial costs it would impose on the state treasury. This argument was squarely addressed and rejected by this court in *Anderson.* There, the Commissioner of Alabama's Department of Pensions and Security urged the court, on eleventh amendment grounds, to refrain from ordering her to give notice to the plaintiff class. The notice sought would inform class members of the court's earlier injunctive decree in their favor and of state procedures they might pursue to reclaim food stamp benefits wrongfully denied them. The Commissioner argued that the costs of such notice would be "substantial," in violation of the eleventh amendment.

The court, relying on *Quern*, held that so long as any information contained in the notice concerning retroactive relief referred only to state procedures for obtaining such relief, and as long as notice was "ancillary" to some prospective injunctive relief, it could properly be required. In addressing the Commissioner's claims that notice could not be characterized as ancillary where its costs would be substantial, the court wrote: "Whether the costs are high is immaterial; 'it is the *character* of an expense, ... rather than the *amount*, that is determinative as to whether there is an Eleventh Amendment issue'" *Anderson*, 652 F.Supp. at 1240–1241, *quoting Silva v. Vowell*, 621 F.2d 640, 652–653 (5th Cir.1980), *cert. denied*, 449 U.S. 1125, 101 S.Ct. 941, 67 L.Ed.2d 111 (1981) (emphasis added and footnote omitted.)

In *Anderson*, the court went on to express doubt about the accuracy of the notice costs projected by the state defendants. Here too, it appears to the court that the state defendants have exaggerated the costs that identifying and notifying the plaintiff class would impose, by failing to recognize and consider other, less expensive methods. The plaintiffs have suggested an equally effective but much less expensive method of identifying and notifying the plaintiff class than the method complained of by the state defendants.

The state defendants' second argument is that the requested notice would be futile because the 60–day time limit for requesting past benefits has expired for each class member. *See* 42 C.F.R. § 431.221(d); Alabama Medicaid Agency Administrative Code, Chapter 3, Rule 560–X–3–.03(5). The Fourth Circuit considered and rejected this very argument when put forth by the Commonwealth of Virginia in *Randall v. Lukhard*, 709 F.2d 257 (4th Cir.), *cert. denied*, 469 U.S. 872, 105 S.Ct. 222, 83 L.Ed.2d 152 (1984). Just as do the state defendants here, the state defendants in *Randall* admitted that a state procedure did exist, but argued that the procedure was unavailable to the plaintiff class members because the time limit for requesting a hearing had long since expired on members' individual claims. In rejecting this argument, the

appellate court found two avenues of state relief available to the plaintiffs. First, it noted that Virginia procedures allowed that a failure to comply with the time limit was excusable for good cause shown. "We think it possible," the court wrote, "that the state might construe its own erroneous interpretation of federal law as good cause for the failure of plaintiffs to bring their appeals sooner." *Id.*, at 269. In addition, the court found that plaintiffs were free to pursue actions in state court for pecuniary loss: "(U)nder Virginia law, pecuniary claims against the state may be brought in state court within three years of their disallowance by the responsible agency." *Id.*, at 270.

Here, the plaintiffs implicitly ask the court to go further than the Fourth Circuit, not merely leaving it to the state to determine whether its misinterpretation provides good cause for class members having failed to seek fair hearings during the time period allotted, but for the court to waive the limit as a matter of law. Plaintiffs rely upon the Supreme Court's 1986 ruling in *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462, in support of their request. In *City of New York*, the Court was presented with a claim that the 60–day period allowed for filing of a lawsuit challenging adverse decisions regarding Social Security benefits represented a jurisdictional bar upon the district court, once the period had run. Bowen argued that persons denied or terminated from benefits who had not filed a lawsuit within 60 days of the adverse decisions against them could not properly be included in a class action under way to challenge the policy underlying the decisions. The Court held that, on the contrary, the 60–day period was not jurisdictional, but rather must be characterized as a statute of limitations subject to principles of equitable tolling. The Court found that, because the challenged policy was an illegal and clandestine policy of which class members could not reasonably have known prior to the expiration of the 60–day period, their failure to file within 60 days was supported by good cause justifying equitable tolling of the

statute. *See also Thomas v. Heckler*, 598 F.Supp. 492, 499–500 (M.D.Ala.1984).

The plaintiffs argue that the present case is directly analogous to *City of New York*, in that the state defendants have firmly taken a position on an issue of law which was determinative of the outcome in their cases, yet which could not have been addressed through the fair hearing process prior to this lawsuit. The plaintiffs assert that it was the policy of the Alabama Medicaid Agency to deny hearing requests where the sole question raised by the claimant was one of law. Thus, the filing of a hearing request within the allotted period would have been futile, and no real opportunity to seek retroactive benefits was ever afforded them, plaintiffs argue.

But while the plaintiffs may well be correct in their characterization of the situation and the analogy they draw, the court is not convinced that it should reach the issue of equitable tolling at this time. As this court wrote in *Anderson*,

> Any restrictions on whether class members may recover back benefits and how far back they may recover should not be a restraint on to whom the Commissioner should give notice. The purpose of the notice is not only to inform class members of procedures for pursuing back benefits, but to inform *all* class members of the nature and extent of their victory in this court.

652 F.Supp. at 1241 (emphasis in original). At this stage in the proceedings here, the court should neither allow considerations surrounding the 60–day limit to restrict the notice ordered, nor use it as a basis for prematurely intruding upon the state's control over its own procedures. In determining whether the notice ordered should contain information regarding state procedures for retroactive relief, it is enough that the court finds, as did the Fourth Circuit, that the requisite procedures do exist and that it is possible "that the state might construe its own erroneous interpretation of federal law as good cause for the failure of plaintiffs to bring their appeals sooner." *Randall*, 709 F.2d at 269.

Of course, the state defendants' challenge to the requested notice on time-barred grounds addresses only the plaintiffs' request that class members be informed individually of the existence of state administrative procedures by which they may obtain *past* benefits wrongfully denied them. The time-barred argument fails to address the fact that the requested notice should also inform class members of their victory and of the existence of state procedures by which they may seek a redetermination of *present* entitlement to benefits. Therefore, even if the court were to reach the time-barred argument and find that plaintiff class members are prohibited from recovering past benefits, the state defendants would still be required to give individual notice to the plaintiff class regarding their possible entitlement to present benefits.

### III.

By their motion for additional relief, the plaintiffs further request that the state defendants use, in addition to individual written notice, the following means to notify the plaintiff class: issue state-wide press releases; provide notice to certain doctors, hospitals, health clinics and other health care providers; and post large posters in various state and county offices around the state, where class members are likely to visit. The state defendants have agreed to provide such notice, except to the extent that the notice must inform class members of procedures by which they may seek wrongfully denied past benefits. For the reasons given above, the state defendants' objection to notice of procedures for obtaining past benefits is meritless.

The plaintiffs also ask, over the state defendants' objection, that the state defendants periodically furnish counsel for plaintiffs with the following information: the names of all persons to whom the state defendants mail individual notice; the names of all persons who seek state administrative relief as a result of the plaintiffs' victory in this lawsuit; and the individual results of all efforts for such relief. The court believes that this request is reasonable and appropriate in light of the respon-

sibility placed on plaintiffs' counsel to assure that each and every class member receives all relief due under the orders of this court.

Accordingly, for the above reasons, it is the ORDER, JUDGMENT, and DECREE of the court that:

(1) The Governor of the State of Alabama, the Commissioner of the Alabama Medicaid Agency, and the Commissioner of the Alabama Department of Human Resources are ENJOINED and RESTRAINED from failing to give to the plaintiff class, individual notice informing them of the nature and extent of their victory in this court and of state procedures by which they might receive a redetermination of their entitlement to present benefits and their eligibility for past benefits;

(2) The parties are to submit, within 14 days from the date of this order, a joint proposal detailing the content of the proposed individual notice and the means by which the notice is to be given;

(3) It is DECLARED that all other notice said defendants are to give to the plaintiff class, by agreement between the parties, must inform the class members of the nature and extent of their victory in this court and of state procedures by which they might receive a redetermination of their entitlement to present benefits and their eligibility for past benefits; and

(4) That the state defendants are DIRECTED to furnish periodically the following information to counsel for the plaintiffs: the names of all persons to whom the state defendants mail individual notice; the names of all persons who seek state administrative relief as a result of the plaintiffs' victory in this lawsuit; and the individual results of all efforts for such relief by plaintiff class members.