**Cleo MITCHELL, on her own behalf, and on behalf of her minor children, and all others similarly situated, Plaintiffs,**

v.

**Regina LIPSCOMB, Commissioner of the West Virginia Department of Human Services; Otis Bowen, Secretary, U.S. Department of Health and Human Services; and William L. Roper, M.D., Administrator, U.S. Health Care Finance Administration, Defendants.**

Civ. A. No. 2:87–0279.

United States District Court,
S.D. West Virginia,
Charleston Division.

Aug. 27, 1987.

On Motion to Amend Sept. 16, 1987.

John C. Purbaugh, West Virginia Legal Services Plan, Inc., and Douglas Leppanen, Legal Aid Society of Charleston, Charleston, W.Va., for plaintiffs.

Sarah G. Sullivan, Gary E. Pullin, Asst. U.S. Attys., Beveral Dennis, III, Chief Counsel, Region III, Diane C. Moskal, Asst. Regional Counsel, Office of the General Counsel, Dept. of Health and Human Services, Philadelphia, Pa., for federal defendants.

Frances Hughes, Asst. Atty. Gen., Charleston, W.Va., for Lipscomb.

## MEMORANDUM OPINION

DENNIS R. KNAPP, District Judge.

This class action challenges the policy of the West Virginia Medicaid program of automatically including the income of an applicant's siblings when determining the applicant's financial eligibility to receive Medicaid benefits. The plaintiff, Cleo Mitchell, who has been denied participation in the state Medicaid program as a result thereof, asks the Court to declare that the policy impermissibly conflicts with federal law and to award plaintiff class appropriate relief. Plaintiff's complaint seeks specifically declaratory and injunctive relief. The parties stipulate class action status for the pending action. This matter is now before the Court on the parties' cross-motions for summary judgment.

The issue to be resolved on the uncontested facts presented herein is whether the eligibility requirements imposed on persons seeking benefits under the category of Aid to Families with Dependent Children (AFDC) under Title IV–A of the Social Security Act, 42 U.S.C.A. §§ 601, et seq., by the Deficit Reduction Act (DEFRA), P.Law No. 98–369, 98 Stat. 494, 1145, can properly be applied to determine eligibility for Medicaid under the provisions of 42 U.S.C. § 1396a(a)(10)(A)(i)(I); 42 C.F.R. § 435.114.

Several changes were made in AFDC eligibility requirements by section 2640 of DEFRA, among which were the automatic inclusion of sibling income. The effect of the DEFRA changes was to render ineligible for AFDC benefits a significant number of households that had previously been eligible. AFDC is similar to Medicaid in the sense that it is a cooperative effort between state and federal governments, with the states agreeing to administer the program locally and comply with federal requirements in return for federal financial support. Since 1984 the West Virginia Medicaid program has been administered as if the AFDC eligibility changes required by DEFRA did in fact also alter the standards for Medicaid eligibility. The plaintiffs filed this action to challenge this policy. More particularly, in 1987, plaintiff, Cleo Mitchell, and her two infant children were denied Medicaid benefits by the West Virginia program due to the inclusion of Social Security income from Ms. Mitchell's oldest son who receives monthly Social Security survivors benefits. The parties through stipulation have agreed to certify this suit as a class action with the plaintiffs representing all similarly situated representatives.

The facts are undisputed and render the issue here presented one of law. The plaintiffs contend that the express exclusion of sibling income in determining Medicaid eligibility, 42 U.S.C. § 1396a(a)(17)(D), is not contradicted by any clear expression of legislative intent in the proper application of DEFRA. Thus far at least eight other federal courts have entertained challenges similar to this. See, *Ward v. Wallace*, 652 F.Supp. 301 (M.D.Al.1987); *Vance v. Heg-*

*strom,* 793 F.2d 1018 (9th Cir.1986); *Reed v. Elinzinger,* 639 F.Supp. 130 (S.D.IN 1986); *Sundberg v. Mansour,* 627 F.Supp. 616 (W.D.MI 1986); *Childress v. Heckler,* No. 85–2–1459 (D.CO January 13, 1986); *Malloy v. Eichler,* 628 F.Supp. 582 (D.DE 1986); *Gibson v. Puett,* 630 F.Supp. 542 (M.D.TN 1985); *Olson v. Reagen,* No. 85–101–A (S.D.IA April 11, 1985). Without exception, these courts have found that the automatic inclusion of sibling and/or grandparent income in determining Medicaid eligibility contravenes federal law, in particular subsection (17)(B) and (D) of the Medicaid provisions of the Social Security Act.

Defendants have argued that *Bowen v. Gilliard,* — U.S. ——, 107 S.Ct. 3008, 97 L.Ed. at 485 decided by the United States Supreme Court in June, 1987, is adverse to the federal court rulings relied upon by plaintiffs. This Court has reviewed *Gilliard* and is of the opinion that although its economic concerns are well taken, it does not particularly address the issues raised in this case. *Gilliard* expressly addresses assistance and eligibility under AFDC without any discussion of the Medicaid program and its express exclusion of sibling income to determine eligibility. Congress did not amend any Medicaid provisions when it amended the AFDC program eligibility.

Accordingly, plaintiff's motion for summary judgment will be granted and plaintiff class is therefore entitled to declaratory and injunctive relief. The Court therefore holds that the West Virginia Medicaid program's policy of automatically including sibling income when determining Medicaid eligibility violates subsections (17)(B) and (D) of the Medicaid provisions of the Social Security Act. Secondly, the Court will enjoin the state defendants from further enforcing this policy.

### JUDGMENT ORDER

In accordance with the Court's Memorandum Opinion of even date herewith, it is hereby ORDERED as follows:

1. That judgment be entered in favor of plaintiff and the plaintiff class against the defendants, Regina Lipscomb, as Commissioner of the West Virginia Department of Human Services; Otis Bowen, as Secretary of the United States Department of Health and Human Services; and William L. Roper, M.D., Administrator, United States Health Care Finance Administration;

2. That the policy of the West Virginia Medicaid program of automatically including sibling income when determining eligibility violates 42 U.S.C.A. § 1396a(a)(17)(B) and (D);

3. That defendants be and they are hereby each enjoined and restrained from further enforcement of said policy.

It is further ORDERED that plaintiffs recover from the defendants the costs of this action.

It is further ORDERED that this action be dismissed with prejudice and stricken from the docket of this Court.

The Clerk is directed to mail certified copies of this order, together with copies of the Memorandum Opinion, to counsel of record herein.

### ON MOTION TO AMEND

After careful consideration of plaintiff's motion to amend, it is hereby ORDERED that this Court's judgment order and memorandum opinion entered August 27, 1987, be, and it is hereby, amended to award relief, ancillary to the prospective injunction already entered, requiring defendant, West Virginia Department of Human Services, to notify by mail, by newspaper advertisements, and posted notice at Department of Human Services' offices, all class members of the resolution of this case, and of their right to seek retroactive benefits under State administrative or judicial procedures.

The Clerk is directed to mail certified copies of this order to counsel of record herein.