**Yina DAVIS, Plaintiff,**

v.

**Guy HUNT, Governor, State of Alabama, as "single State agency" for administration of the Medicaid Program; Michael Horsley, Commissioner of the Alabama Medicaid Agency; Andrew P. Hornsby, Commissioner of Alabama Department of Health and Human Resources; Otis R. Bowen, Secretary of the United States Department of Health and Human Services, Defendants.**

**Civ. A. No. 88-T-201-N.**

United States District Court,
M.D. Alabama, N.D.

March 15, 1988.

Charles G. Spradling, Jr., Birmingham Area Legal Services, Birmingham, Ala., Lawrence F. Gardella and Tamara Young, Legal Service Corp. of Ala., Montgomery, Ala., for plaintiff.

John C. Bell, U.S. Atty., Kenneth Vines, Asst. U.S. Atty., Montgomery, Ala., and James N. Stephens, Acting Regional Atty., Edgar M. Swindell, Asst. Regional Atty., Dept. of Health and Human Services, Atlanta, Ga., for defendant Bowen.

Don Siegelman, Atty. Gen., Montgomery, Ala., and Herman H. Hamilton, Jr., William Prendergast, Sp. Asst. Attys. Gen., Shapard D. Ashley, Counsel, Montgomery, Ala., for defendants Hunt and Horsley.

Mary Lee Stapp, James E. Long, Asst. Attys. Gen., Alabama Dept. of Pensions & Sec., Montgomery, Ala., for other defendants.

## MEMORANDUM OPINION

MYRON H. THOMPSON, District Judge.

This lawsuit is another challenge to the policy of the Alabama Medicaid program of

automatically including a certain amount of income from an applicant's grandparents when determining the applicant's financial eligibility to receive Medicaid benefits. Plaintiff, Yina Davis, whose infant child has been denied participation in the state program because of this policy, asks the court to declare that the policy impermissibly conflicts with federal law and to enjoin the defendants from further enforcement of the policy. Davis has sued various state and federal defendants. For the reasons that follow, the court concludes that the challenged policy violates federal law, and Davis is thus entitled to the relief requested.

This lawsuit arises out of the court's earlier decision in *Ward v. Wallace*, 652 F.Supp. 301 (M.D.Ala.1987), *extended sub nom. Ward v. Hunt*, 658 F.Supp. 441 (M.D. Ala.1987); 667 F.Supp. 782 (M.D.Ala.1987). The court will therefore incorporate, rather than repeat, the description and discussion given in *Ward* of the complex federal laws and issues presented here. A brief summary of part of the *Ward* decision is, however, in order. Monalisa Ward, at the time relevant to the case, was a minor parent whose infant daughter had been denied Medicaid benefits due to the inclusion of income from Ward's mother, the infant's grandmother. 652 F.Supp. at 303. The court in *Ward* invalidated the Alabama Medicaid program's policy of 'deeming'— that is, automatically including—the income of an applicant's grandparents when determining the applicant's eligibility to receive Medicaid benefits. *Id.* at 309. The court noted that Ward did not challenge inclusion of income that is *actually* available to the Medicaid applicant; rather, she objected to the program's *automatic* inclusion of grandparent income, that is, the deeming of such as available irrespective as to whether it is actually available. *Id.* at 305, 308. The court held that the program's automatic inclusion of grandparent income violates the restrictions of 42 U.S. C.A. § 1396a(a)(17)(B) & (D): Because the inclusion is automatic, it is not based on income that is actually available; and, because the automatic inclusion is for grandparent income, it is obviously not restricted

to that of the applicant's spouse or parent, the only income which may be deemed under § 1396a(a)(17)(B) & (D). *Id.* at 305.

The Alabama Medicaid program has now adopted a new policy for determining whether a child of a minor parent is eligible for Medicaid. This policy involves a two-step process, in which the applicant child and its minor parent are viewed as a 'family unit' or 'filing unit.' First, the program deems to the family unit from the income of the applicant's grandparents, after appropriate deductions, an amount up to the maximum 'payment standard' for Aid to Families with Dependent Children (AFDC) that could be made to a one-parent filing unit; here that is $59. Then they add the minor parent's own income: Davis has income of $51. The sum of these two amounts is then compared to the amount of the maximum AFDC payment for a family of the same size as the minor parent and her children: because Davis has one child the amount is $88. If the sum is more than this maximum AFDC payment, the infant child is determined ineligible for Medicaid. In this case, $51 plus $59 is more than $88; thus, Davis's infant was declared ineligible.

This new policy suffers from the same flaw as the one invalidated in *Ward:* by improperly engrafting the AFDC 'filing unit' concept onto the Medicaid program, the policy automatically, and thus impermissibly, includes income from grandparents in determining an infant's Medicaid eligibility. 652 F.Supp. at 305–06, 308. The defendants try to distinguish the present policy from the one in *Ward* by arguing that there is a $59 cap on what may be deemed. This argument is without merit because the Alabama program is still impermissibly assuming income to be available without determining that the income is actually available. They also argue that in the case of a minor parent living with her parents it is reasonable to assume that the grandparents provide the infant with at least $59. Perhaps many grandparents who have a minor child who has an infant do provide the infant with $59 or more; nevertheless, for the reasons set forth in *Ward*, it violates § 1396a(a)(17)(B) & (D)

for the defendants to assume this automatically. Alabama may deny Medicaid benefits only if it is actually the case that the grandparents provided money to the infant. There being no finding that this is the case here, Davis is entitled to the relief requested.[1]

An appropriate judgment will be entered.

## JUDGMENT AND INJUNCTION

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court:

(1) That judgment be and it is hereby entered in favor of plaintiff Yina Davis and against defendants Otis R. Bowen, Secretary of the United States Department of Health and Human Services, Guy Hunt, Governor of the State of Alabama, Michael Horsley, Commissioner of the Alabama Medicaid Agency, and Andrew P. Hornsby, Commissioner of the Alabama Department of Health and Human Resources;

(2) That it be and it is hereby DECLARED that the policy of the Alabama Medicaid program of automatically including up to $59 of grandparent income when determining Medicaid eligibility violates 42 U.S.C.A. § 1396a(a)(17)(B) & (D); and

(3) That defendants Hunt, Horsley, and Hornsby be and they are hereby each ENJOINED and RESTRAINED from further enforcement of said policy.

It is further ORDERED that costs be and they are hereby taxed against all defendants, for which execution may issue.

It is further ORDERED that the plaintiff is allowed 35 days from the date of this order to file her request for attorney fees.

The clerk of the court is DIRECTED to issue a writ of injunction.

**1.** In addition to the fact that it is violative of the court's order in *Ward,* the court is persuaded that the policy at issue is due to be invalidated by the recent Eighth Circuit Court of Appeals decision in *Olson v. Norman,* 830 F.2d 811 (1987), in which the court held that an identical policy violated § 1396a(a)(17)(D).